(74 App. Div. 123.)

VAN BEUREN et al. v. WOTHERSPOON et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. APPEAL—TREATING ACTION AS TREATED BELOW.
    An action, though, according to the pleadings, one for wrongfully withholding possession of real estate, having on the trial been treated by all parties as one for use and occupation, will be so treated on appeal.

2. LEASES—HOLDING OVER—RENT.
    The amount a lessee is.bound to pay for use and occupation after termination of term, while remaining in possession, till the lessor elects to pay for the building built by the lessee, under a lease providing that at expiration of the term the lessee would be entitled to the appraised value of the building, or a new lease should be granted at a rental to be fixed by appraisement, is to be measured by the rent reserved in the lease.

Appeal from trial term, New York county.

Action by Elizabeth S. Van Beuren and others against Frances A. Wotherspoon and others. From judgment for plaintiffs on a directed. verdict, defendants appeal. Modified.

¶ 2. See Landlord and Tenant, vol. 32, Cent. Dig. § 796.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Nelson S. Spencer, for appellants.

Edward Mitchell, for respondents.

PATTERSON, J. The allegations of the complaint in this action would indicate that it is brought to recover damages for wrongfully withholding from the plaintiffs the possession of real estate to which they were entitled, and the respondents in their brief describe the action as being brought upon that theory. If it is to be regarded exclusively in that light, it is. evident that the action must fail, for the reason that it has already been decided by the court of appeals, in another action between these same parties, arising out of the state of facts set forth in the complaint, that the defendants were entitled to retain possession of the premises mentioned in the complaint until a certain covenant, binding upon the plaintiffs, was performed by them. The rights and relations of the parties to this action under the lease mentioned in the complaint, and under the covenants contained in that lease, were definitely settled by the court of appeals. Van Beuren v. Wotherspoon, 164 N. Y. 376, 57 N. E. 633. The lease provided that at the expiration of the term the lessees would be entitled to the appraised value of the building, or that a new lease should be granted, at a rental to be fixed by appraisement. The court held that the lessees were entitled to retain possession until the covenant of the lessors was performed. On the trial of that action the defendants had been charged with the sum of $8,300 a year from March 1, 1895, when the term ended, to March 1, 1897, for use and occupation. The rent reserved in the lease was $1,000 a year. The covenant of the lessors being to pay for the building, the court of appeals held that by the terms of the lease the defendants were entitled to retain the possession of the premises until the plaintiffs either paid for the building at a price agreed upon, or elected to renew the lease upon terms to be agreed upon, and in the opinion remarked:

"Therefore it is obvious that the defendants could not properly surrender possession until the value of the lot and building is agreed upon or thus determined, nor until the plaintiffs made their election;" and further: "We think the continuance of the defendants in possession of the premises must be regarded as under the lease until such time as the plaintiffs actually made their election."

The judgment entered upon the remittitur of the court of appeals provides, among other things, as follows:

"13. The plaintiffs having elected to pay the value of the buildings, * * * and having required the defendants to forthwith deliver up the possession of the demised premises, and the defendants having performed said judgment and delivered possession of the said premises, and the defendants having appealed from the foregoing judgment to the court of appeals, and the court of appeals having reversed and set aside the same unless the plaintiffs should stipulate that the judgment be modified so that it should direct that the plaintiffs pay to the defendants the sum of $13,100, with interest thereon from March 1. 1897, with the costs to the defendants in all the courts, and the plaintiffs having so stipulated, it is hereby further ordered, adjudged, and decreed that the foregoing judgment be, and it is hereby, modified so as to require the plaintiffs to pay, and they are hereby ordered and directed to pay, to the defendants * * * the sum of $13,100.'

with interest" and costs, etc. "And it is further ordered, adjudged, and decreed that all provisions of the foregoing judgment [that is, the judgment appealed from to the court of appeals] charging the defendants with any liabilities, or charging the plaintiffs with any further liability than the said sum of $13,100, interest and costs, or inconsistent with this modification thereof, be, and they hereby are, annulled and set aside."

It appears that the provision of the modified judgment with respect to the payment of the value of the buildings and interest and costs was not complied with by the plaintiffs until the 5th of May, and upon the payment being made by the plaintiffs, a demand for the possession of the property was made and the premises were surrendered to the plaintiffs on the 7th of May. We have seen that the effect of the decision of the court of appeals was to justify the defendants in the retention of the possession until the covenant of the plaintiffs to pay was performed. Therefore the defendants were rightfully in possession of the property, and no action for damages as such would lie against them.

But it appears from the record that upon the trial of this action it was treated by all parties and by the court as one for use and occupation, notwithstanding the condition of the pleadings, and we shall now so regard it. The rights of the parties up to the 1st of March, 1897, had been definitely settled by the court of appeals. The defendants were liable for use and occupation so long as they retained possession. The learned judge before whom this case was tried directed a verdict for the value of the rent of the premises for the period of two months and five days, fixing it at $1,625 for that period; that being a proportionate part of a proved rental value at the rate of $9,000 a year. The court of appeals held in the principal case that the defendants, being liable for use and occupation, were not liable for any greater amount than the annual rent reserved in the lease, which was only the sum of $1,000. The court said:

"The lessee is not, however, discharged from the payment of the rent, but in an action for use and occupation the lessors can recover no more than the rent originally reserved."

The same state of facts that called for the application of that rule prior to the 1st of March, 1897, existed after that date, and until the premises were surrendered, and the rule applies with equal force in this action. It was not held by the court of appeals that a recovery for use and occupation must be in accordance with the terms of the lease, but only that the value of the use and occupation must be measured by the rent reserved in the lease. That may be apportioned, and the defendants be held liable for use and occupation for two months and five days at the rate of $1,000 a year. We think that the liability of the defendants for the use and occupation is necessarily (after what has been determined by the court of appeals) limited to the ground rent for two months and five days, for the status of the defendants was the same until the plaintiffs fully performed the covenant obligatory upon them.

It follows that the judgment must be modified as herein indicated, and, as modified, affirmed, with interest on the reduced amount, and the costs of the action in the court below, and without costs to either party on this appeal. All concur.